## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOE K. RICHARDS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **No. CIV 17-306-RAW-KEW** |
| | ) | |
| **MICHAEL WADE, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On June 19, 2017, Petitioner, a pro se state prisoner, filed this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the

Northern District of Oklahoma (Dkt. 1). While the petition was unclear, the Northern

District Court found he apparently was challenging the revocation of his parole and the

execution of his sentence(s) (Dkt. 2). Because Petitioner was incarcerated within the

territorial jurisdiction of the Eastern District of Oklahoma when the petition was filed, the

action was transferred to this Court on August 7, 2017, pursuant to *Bradshaw v. Story*, 86

F.3d 164, 166 (10th Cir. 1996) (holding that a § 2241 petition "attacks the execution of a

sentence rather than its validity and must be filed in the district where the prisoner is

confined"). *Id*.

In response to this Court's Order, Petitioner filed a motion for leave to proceed *in*

*forma pauperis* on August 21, 2017 (Dkt. 7). The motion was denied, and Petitioner was

directed to pay the $5.00 filing fee by September 10, 2017, or show cause by that date why

he did not have sufficient assets to pay the fee (Dkt. 9). Petitioner failed to pay the filing fee as directed, and this action was dismissed without prejudice on October 2, 2017 (Dkt. 10).

On October 23, 2017, Petitioner filed a motion to reconsider the dismissal of his case, because the filing fee was unpaid "through no fault of his own" (Dkt. 12). Petitioner alleged he submitted a disbursement to the staff at his facility, and he believed the fee had been sent to the Court. *Id*. He learned that the fee was not paid when he received notice of the dismissal. *Id*. On January 19, 2018, the Court granted the motion to reconsider, reopened the case, and ordered Petitioner to pay the filing fee by February 8, 2018 (Dkt. 13). The fee, however, was not paid, and this action again was dismissed without prejudice on April 27, 2018 (Dkt. 14).

On June 28, 2018, Petitioner filed a "motion to allow petitioner to submit his $5.00 filing fee," again alleging the filing fee was not paid "through no fault of his own" (Dkt. 16). The Court construes this motion as motion for relief from a judgment or order, pursuant to Fed. R. Civ. P 60(b). Petitioner again claims he followed the Department of Corrections procedures at his facility and believed a check would be issued to the Court Clerk, until he received the second notice of dismissal.

Petitioner asserts that upon learning of the second dismissal of his case, he submitted two Requests to Staff to the law library on June 5, 2018, requesting a copy of the disbursement and the date the fee was sent to this Court (Dkt. 16 at 5-6). The June 6, 2018, responses to the Requests stated that the disbursement request was "scanned to trust fund"

on February 9, 2018, and Petitioner had the disbursement. *Id*. Petitioner next filed a grievance concerning this issue on June 15, 2018. *Id*. at 7. He claims the grievance was not answered, and he was advised that his facility does not have access to the prisoners' trust funds. *Id*. at 2-3.[1]

The pertinent portions of Rule 60(b) allow relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). Furthermore, "[i]n a Rule 60(b) proceeding the motion is addressed to the sound discretion of the [district] court." *Caribou Four Corners v. Truck Ins. Exchange*, 443 F.2d 796, 799 (10th Cir. 1971) (citations omitted).

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Petitioner's documentation indicates the filing fee was disbursed, but was not forwarded to this Court. Therefore, his motion for relief

---

[1] Pursuant to Okla. Stat. tit. 57 § 549(A)(5), funds in an Oklahoma inmate's mandatory savings account may be used by the inmate for fees or costs in filing a civil or criminal action. *See also* DOC Policy OP-120230(I)(A)(2).

3

is GRANTED, and the Court Clerk is directed to REOPEN this case. Petitioner, however, must pay the $5.00 filing fee within thirty (30) days, and he must complete and submit within thirty (30) days an amended petition for a writ of habeas corpus on the Court's form. The officials at Petitioner's facility are directed to collect and forward the filing fee in accordance with this Order.

### ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Petitioner's motion to allow him to submit the filing fee (Dkt. 16), which is construed as a motion for relief pursuant to Fed. R. Civ. P. 60(b), is granted.

2. The Court Clerk is directed to reopen this case.

3. Petitioner is directed to submit the $5.00 filing fee for this action within thirty (30) days.

4. The Court Clerk is directed to send Petitioner the form for filing an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

5. Petitioner is directed to complete and return the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 within thirty (30) days.

6. The Court Clerk is directed to send a copy of this Order to Petitioner's custodian and to the trust fund officer at his facility.

**Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.**

**DATED** this 16th day of July 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma