# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE K. RICHARDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-306-RAW-KEW |
| SHARON McCOY, Warden, | ) ) ) |
| Respondent. | ) ) |

## AMENDED OPINION AND ORDER[1]

This matter is before the Court on Respondent's motion to dismiss (Dkt. 26) Petitioner's second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 20). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma. He is attacking his conviction in Comanche County District Court Case No. CRF-98-231, raising the following grounds for relief:

I. Not given Marendez [sic] warning; officer during pliminary [sic] testified to that fact.

II. In-court identification by policeman Curt Short.

III. Preliminary hearing was held on Information sheet: Possession of CDS --charge was changed to Trafficing [sic] without proper statutory notice.

---

[1] The original Opinion and Order, entered on August 12, 2019 (Dkt. 36) is hereby amended to reflect that the Court construed Petitioner's second amended petition (Dkt. 20) as arising under 28 U.S.C. § 2254, because the second amended petition challenged the validity of Petitioner's conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

> IV. Ineffective assistance of counsel; Gordon Edwards in preliminary hearing stipulated to allow criminalist report to be submitted no evidence for state (state's Exhibit 1), not demanding chemist to be cross examined on report.

Respondent alleges Petitioner's second amended habeas petition is a second or successive petition, and Petitioner is seeking to have this Court undertake a second review of the merits of his conviction. This action, however, is prohibited by 28 U.S.C. § 2244(b):

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> . . .

28 U.S.C.A. § 2244(b).

The record shows this is the third habeas petition Petitioner has filed to attack his conviction in Comanche County Case No. CRF-1998-231. His two previous petitions, filed

in the United States District Court for the Western District of Oklahoma, were dismissed as time-barred.

On August 21, 2001, Petitioner filed his first Western District habeas petition in Case No. CIV-01-1324-M. (Dkt. 27-2). In a single ground for relief, he argued that "the initial indictment charging him with possession of cocaine with intent to distribute was amended to reflect a charge of trafficking in cocaine, and he was not apprised of the elements of the offense to which he plead [sic] guilty." (Dkt. 27-3 at 1). He has re-asserted this claim in Ground III of the present petition. (Dkt. 20 at 7). The Magistrate Judge in the Western District found the petition was untimely and not subject to statutory or equitable tolling. (Dkt. 27-3 at 3-7). On September 21, 2001, the Western District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petition as barred by the statute of limitations. (Dkts. 27-4, 27-5).

On February 11, 2013, Petitioner filed a second § 2254 habeas petition in the Western District in Case No. 13-149-M, again challenging his conviction and sentence in Comanche County Case No. CRF-98-231. (Dkt. 27-6). He alleged "the state district court did not make a determination of his competency, he was denied effective assistance of counsel, a police officer who testified in Petitioner's preliminary hearing failed to identify Petitioner other than 'by name,' and hearsay testimony was improperly admitted during the preliminary hearing." (Dkt. 27-7 at 3). The allegation about the officer's identification is the basis of Petitioner's claim in Ground II of this petition. (Dkt. 20 at 7). Petitioner admitted in his second Western

3

District petition that the action was untimely, but he argued he was entitled to equitable tolling, "because he has a third-grade reading level, he is incarcerated, and he is incompetent." (Dkt. 27-7 at 3). The Magistrate Judge found Petitioner's claims were insufficient to warrant equitable tolling, and "Petitioner's 'lack of diligence preclude[d] equity's operation.'" *Id*. at 6 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005)). Taking judicial notice of the Western District's own records, the Magistrate Judge found the February 11, 2013, habeas petition was successive and Petitioner had not shown he had obtained authorization to file a successive habeas action in accordance with 28 U.S.C. § 2244(b)(3)(A). On May 1, 2013, the Western District Court adopted the Report and Recommendation of the Magistrate Judge and dismissed the petition as time-barred. (Dkt. 27-9, 27-10).

Petitioner now is seeking to have this Court undertake a third review of the merits of his conviction. This action, however, is prohibited by 28 U.S.C. § 2244(b):

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because Petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254

petition, this challenge to his sentence is dismissed for lack of jurisdiction.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's successive petition for a writ of habeas corpus (Dkt. 26) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. The Court Clerk shall correct the docket to reflect that this action arose under 28 U.S.C. § 2254.

**IT IS SO ORDERED** this 14th day of August 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma